Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Juliana G. Blaha (SBN 331066)
Juliana@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429
F: 866-431-3292

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RACHEL ALTMANN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TD BANK USA, N.A. & RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP,<br><br>Defendants. | Case No: '21CV351 MMABGS<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF:<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.<br><br>2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.<br><br>JURY TRIAL DEMANDED |

1

Complaint

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Rachel Altmann ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for damages, and any other available legal or equitable remedies, resulting from the illegal actions of TD Bank USA, N.A. and Rausch, Sturm, Israel, Enerson & Hornik, LLP (collectively "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of Federal and State debt collection laws.

///
///

Complaint

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq ("FDCPA"); and (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff reside in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conduct business within this judicial district.

## PARTIES & DEFINITIONS

12. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff

is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is informed and believes, and thereon allege, that Defendant TD Bank (USA), N.A. ("TD Bank") is an American National Bank located in the State of New Jersey.

14. Plaintiff is informed and believes, and thereon allege, that Defendant Rausch, Sturm, Israel, Enerson & Hornik, LLP ("Rausch") is a law partnership in the business of collecting debts in this State, operating from the State of Wisconsin.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of itself or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is and was an individual residing within the State of California.

18. Plaintiff allegedly incurred an unpaid financial obligation for a personal "debt" as that term is defined by 15 U.S.C. § 1692a(5) to Defendant TD Bank.

19. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S. Code § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. Defendant TD Bank later employed Defendant Rausch to collect the debt and is

therefore responsible for all Rausch's actions as it was hired to act on behalf of TD Bank.

21. As a result, on or around January 29, 2021, Rausch mailed a debt collection letter to Plaintiff.

22. The debt collection letter stated;

> "We represent TD Bank USA, N.A.. We have made several attempts to resolve this account with you to no avail. We have payment plans available, and are committed to finding a solution that accommodates your situation. Call toll-free at (877) 215-2552 TTY: 711.
>
> Please be advised that if we do not obtain payment or otherwise reach a satisfactory resolution of your account, we may proceed with the filing of a lawsuit against you to collect the balance owing on the above-referenced account. Furthermore, you are hereby notified pursuant to California Code of Civil Procedure Section 1033(b)(2) that any possible legal action could result in a judgment against your that would include the costs and necessary disbursements allowed by law, if TD Bank USA, N.A. requests those costs and necessary disbursements and is found to be legally entitled to the same."

23. Defendant TD Bank attempted to collect the alleged debt by causing its attorneys at Rausch to threaten filing a lawsuit against Claimant, a California consumer.

24. Defendant Rausch's letter does not provide any information that the attorney signing the letter or any other associate within that law firm is a licensed attorney in California.

25. In addition, Defendant Rausch's website does not provide any information that a single attorney within that law firm is licensed in California.

26. Through this conduct, Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Claimants in connection with the collection of the alleged debt.  This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

27. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Claimants. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendants violated Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Claimants' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendants violated Cal. Civ. Code § 1788.17.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and Class Members of the proposed Classes. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

19. Plaintiff defines Class as:

> (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendants; (iii) that were substantially similar to the letter Defendants sent Plaintiff; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action.

20. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its legal representatives, officers, directors, assigns, successors, and employees; (2) the Judge to whom this case is assigned and the Judge's staff;

///

21. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

22. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendants mailed thousands of class members statewide attempting to collect a debt during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

23. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

   a. Whether Defendants violated the FDCPA as described herein;
   b. Whether Defendants violated the RFDCPA as described herein;
   c. Whether members of the Class are entitled to the remedies under the FDCPA;
   d. Whether members of the Class are entitled to the remedies under the RFDCPA;
   e. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;
   f. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;
   g. Whether Defendants satisfies Defendants' affirmative defense of bona fide error with regard to Defendants' violation of the FDCPA; and,
   h. Whether Defendants may satisfy Defendants' affirmative defense of bona fide error with regard to Defendants' violation of the RFDCPA.

Complaint

24. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

25. Class-wide damages are essential to induce Defendants to comply with the federal and State laws alleged in the Complaint.

26. The interests of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action under the FDCPA and the RFDCPA is $1,000.00 per statute. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

27. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and unlawful debt collection practices. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

28. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

29. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a.    Class-wide damages are essential to induce Defendants to comply with California law.

    b.    Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.

    c.    Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d.    Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

    e.    Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

    f.    Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.

30. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendants were unlawfully attempting to collect Plaintiff's and Class Members' debt.

31. The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties

to the adjudications, or substantially impair or impede their ability to protect their interests; and

32. This suit seeks only damages for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

33. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendants' records.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### [As to Defendant Rausch, Sturm, Israel, Enerson & Hornik]

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE § 1788, ET SEQ.

### [AS TO ALL DEFENDANTS]

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

Complaint

38. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

39. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); cumulative statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### [AS TO ALL DEFENDANTS]

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. A creditor owes a customer and debtor "a duty of reasonable care in the handling of his account, which includes the collection of his debt." *Colo. Capital v. Owens*, 227 F.R.D. 181, 188.

42. Defendants owed a duty to Plaintiff to exercise care in attempting to collect a debt.

43. Defendants breached this duty by committing abusive and harassing acts.

44. Defendants' conduct proximately caused injuries to Plaintiff.

45. Due to Defendants' conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

46. Plaintiff believes and alleges that Defendants' conduct constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendants' conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendants, and Plaintiff and the Class be awarded damages from Defendants, as follows:

Complaint

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendants:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,
- Special, general, and compensatory;
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

87. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

Date: February 26, 2021          By: *s/ Joshua B. Swigart*
                                                    Joshua B. Swigart, Esq.
                                                    Josh@SwigartLawGroup.com
                                                    **SWIGART LAW GROUP**
                                                    Attorney for Plaintiff

Complaint